IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATHAN COY and JACI HAWKINS                                    PLAINTIFFS

V.                              CASE NO. 5:17-CV-5048

THE CITY OF CAVE SPRINGS, ARKANSAS;
KIMBERLY HUTCHESON, individually and in
her official capacity as Recorder-Treasurer
for the City of Cave Springs; and CHARLES
LINDLEY, MARY ANN WINTERS, RICK SAYER,
LARRY FLETCHER, and RANDALL NOBLETT,
all individually and in their official capacities
as Aldermen of the City of Cave Springs, Arkansas              DEFENDANTS

## OPINION AND ORDER

This case was closed on April 20, 2018, after the Plaintiffs voluntarily dismissed

their claims without prejudice. *See* Docs. 24, 25. Six months later, Defendant Kimberly

Hutcheson filed a Motion for Relief from Protective Order (Doc. 27). No response to that

Motion was ever filed by any other party.

The Protective Order at issue was filed on December 14, 2017, as stipulated and

agreed by all parties in this case. *See* Doc. 16. It governs the handling of "Confidential

Information" exchanged by the parties for the purpose of this litigation, and requires that

"[e]xcept with the prior written consent of the parties, or pursuant to further Order of this

Court, no Confidential Information may be disclosed to any person other than Qualified

Persons." *See id.* at ¶¶ 1, 3. The Protective Order defines "Qualified Persons" as

including "any of the named parties and any current or future counsel of record for the

parties in this action . . . ." *See id.* at ¶ 4.

1

In her Motion, Ms. Hutcheson states that on July 12, 2018, she provided the Cave Springs City Attorney with an Arkansas Freedom of Information Act ("FOIA") request, seeking "all transcripts of depositions in your possession, or the possession of any official of the City of Cave Springs, related to" this lawsuit. *See id.* at ¶¶ 6–8. Former counsel for Plaintiffs Coy and Hawkins previously expressed to her that his clients believe such information is Confidential Information and would object to its release under the Arkansas FOIA. *See id.* at ¶ 15. Ms. Hutcheson therefore asks this Court "to declare that any transcripts or other evidence, subsequent to redaction by the City of Cave Springs, are not subject to the Protective Order and that any evidence not subject to the Protective Order, or any Arkansas FOIA exemption, may be produced pursuant to a valid Arkansas FOIA request." *See id.* at ¶ 13.

Whether to modify a protective order is a decision committed to this Court's discretion. *See Tama Plastic Indus. v. Pritchett Twine and Net Wrap, LLC*, 2014 WL 4825173, at *1 (D. Neb. Sept. 26, 2014) (citing *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992)). The party seeking modification bears the burden of demonstrating good cause for why modification is necessary, especially when the party in question previously stipulated to the protective order. *See id.* Good cause must be demonstrated through a showing of intervening circumstances. *See id.*

This Court finds that Ms. Hutcheson has not demonstrated good cause for modifying the Protective Order. Ms. Hutcheson is plainly already a Qualified Person under the Protective Order. As such, the Court does not understand why she would not already possess copies of the aforementioned deposition transcripts from the discovery process—or if she did not already possess them, why she could not have simply

2

requested them from another party to this case.  In other words, regardless of whether these deposition transcripts qualify as Confidential Information, this Court is presently unaware of any reason why the Protective Order would prevent Ms. Hutcheson from obtaining them through means other than an Arkansas FOIA request.

Perhaps Ms. Hutcheson has some reason for seeking modification of the Protective Order other than a desire simply to view or possess these deposition transcripts—for example, a wish to publicize them or to otherwise disseminate copies of them to persons or entities who are not Qualified Persons.  But Ms. Hutcheson's Motion never states any reason for her Motion other than her bare desire to view or possess the transcripts; and this Court can only look to the record before it when determining whether good cause exists.  Since Ms. Hutcheson has not shown how the Protective Order's present formulation prevents her from obtaining the transcripts, the Court finds she has not shown good cause for modifying it.

**IT IS THEREFORE ORDERED** that Defendant Kimberly Hutcheson's Motion for Relief from Protective Order (Doc. 27) is **DENIED**.

**IT IS SO ORDERED** on this __8th__ day of January, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE